18 DEC -7 PM 3: 02

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of PROWLER, INC., as owner, of the 1964 Custom Sportfisher vessel Prowler, for Exoneration from or Limitation of Liability | Case No.: 18cv2594-WQH-WVG<br><br>**ORDER RESTRAINING ALL SUITS, DIRECTING MONITION TO ISSUE AND PUBLICATION OF NOTICE** |

A Complaint has been filed in the by Plaintiff-in-Limitation, as owner of the 1964 Custom Sportfisher vessel known as the PROWLER (Vessel), for exoneration from, or limitation of, liability, pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and Rule F of the *Supplemental Rules for Certain Admiralty and Maritime Claims*, with respect to any and all injuries, losses, damages, or claims arising out of, resulting from, or in any manner connected with, the collision with the 332 foot mega yacht ATTESSA IV on or about October 26, 2018 at 7:20 p.m., approximately nine miles offshore of Imperial Beach, California near the Maritime Boundary Line of the United States of America and Mexico, as set forth and alleged in the Complaint. (ECF No. 1).

Plaintiff-in-Limitation has filed an ex parte application, moving for an injunction halting all related proceedings against Plaintiff-in-Limitation, and moving for an order to

issue a notice admonishing persons whose claims the Complaint seeks to limit. (ECF No. 2.)

Plaintiff-in-Limitation has submitted a Declaration by Amanda Hoffman, Marine Claim Specialist for the Vessel's insurer, stating the salvage value will not exceed $10,000. (ECF No. 2-1). Plaintiff-in-Limitation has submitted an Ad Interim Stipulation for Value Letter of Undertaking as security for the Vessel, in the amount of $10,000. (ECF No. 2-2). Rather than depositing a sum equal to the Prowler's value with the Court, Plaintiff-in-Limitation stipulated the willingness to pay up to $10,000 for any liability in this action, with whatever cost, interest, and other sums the Court finds necessary to carry out the statute. The Supreme Court has approved the use of this kind of security in limitation actions. *Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody." (quoting *The Palmyra*, 25 U.S. (12 Wheat.) 1, 10 (1827))).

It appears that claims have been made, or will be made against Plaintiff-in-Limitation for losses or damages arising out of, or in some manner connected with the matters set forth in the Complaint.

Plaintiff-in-Limitation will now deposit with this Court, for the benefit of the claimants, the sum of Five Hundred Dollars ($500.00) as security for court costs under Local Civil Rule F.1.

Plaintiff-in-Limitation has complied with Supplemental Admiralty Rule F(1) requiring posting security for the vessel and any pending freight. This ruling is without prejudice to the due appraisal of Plaintiff-in-Limitation's interest in the Vessel and pending freight, and any claimant's demand the deposit or security be increased in accordance with Supplemental Admiralty Rule F(7). Pursuant to Rule F(7), any claimants who may properly become a party hereto may contest the amount or value of Plaintiff-in-

Limitation's interest in the subject vessel, and its pending freight, and may move the Court for due appraisal of said interest and may apply to have the amount of said stipulation increased or diminished as the case may be.

The Court, on the motion of Plaintiff-in-Limitation, now issues the following Orders:

1. Pursuant to Rule F(3) of the *Supplemental Rules for Certain Admiralty and Maritime Claims*, except as filed in this proceeding, the commencement or prosecution of any and all suits, actions or legal proceedings of any nature and description, presently ongoing or to be filed in the future, against Plaintiff-in-Limitation or the Prowler as a result of the collision described in the Complaint is enjoined and said proceedings are to be stayed and restrained until the hearing and determination of this proceeding;

2. Pursuant to Rule F(4) of the *Supplemental Rules for Certain Admiralty and Maritime Claims*, a monition shall issue out of and under seal of this Court. All persons and entities asserting any claim against Plaintiff-in-Limitation or the Prowler for any loss, damage or injury arising out of, resulting from, or in any manner connected with the matters set forth in the Complaint are admonished to appear and file their respective claims and answer the allegations of the Complaint with the Clerk of this Court at the United States Courthouse located at 333 West Broadway, San Diego, California 92101 in writing, and to serve a copy thereof on the attorneys for Plaintiff-in-Limitation, on or before January 14, 2019 or be deemed in contumacy and default, and that when all proceedings have been completed, if it shall appear that the Plaintiff-in-Limitation are not liable for any such loss or damage, it may be finally so decreed by this Court;

3. Plaintiff-in-Limitation shall publish a notice once a week for four (4) successive weeks prior to the date affixed for the filing of claims, in *The San Diego Union-Tribune*, a newspaper of general circulation printed and published in the County of San Diego, California, substantially in the form set forth below:

Notice to Interested Parties: Plaintiff-in-Limitation PROWLER, INC. (Plaintiff-in-Limitation), as owner of the 1964 Custom Sportfisher vessel PROWLER (Vessel), an approximately 57 foot vessel, filed a Complaint pursuant to the Limitation of Liability Act, 46 U.S.C., section 30501, et seq., claiming the right to exoneration from and/or limitation of liability for all claims against it for injury, death, or other damage resulting from the collision involving the Vessel and the 332 foot mega yacht ATTESSA IV on or about October 26, 2018 at 7:20 p.m., approximately nine miles offshore of Imperial Beach, California near the Maritime Boundary Line of the United States of America and Mexico.

Any person or legal entity who has or may have such a claim must, on or before January 14, 2019, file the claim with the Clerk of the U.S. District Court, Southern District of California, under the title of "In the Matter of PROWLER, INC., et al" and and Case Number 18cv2594-WQH-WVG. Any such claim must comply with the requirements of Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. A copy must also be served on or mailed to counsel of Plaintiff-in-Limitation, G. Geoffrey Robb, Esq., Gibson Robb & Lindh LLP, 201 Mission Street, Suite 2700, San Francisco, CA 94105.

Any claimant who desires to contest Plaintiff-in-Limitation's right to exoneration from and/or limitation of liability shall file and serve an answer to the Complaint in the above-referenced matter on or before January 28, 2019, unless such answer is included in the claim. This notice is published pursuant to the order of said Court, Honorable William Q. Hayes, dated December 6, 2018, and Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims.

4. Plaintiff-in-Limitation, pursuant to Rule F(4) of the *Supplemental Rules for Certain Admiralty and Maritime Claims*, shall no later than the date of the second publication mail a copy of the Complaint and this Order to every person and entity known to have asserted a claim against Plaintiff-in-Limitation or the Prowler, arising out of, resulting from, or in any manner connected with the Complaint in this action and in those cases where the person or entity making the claim is known to have an attorney, the Complaint shall be mailed to such attorney;

5. The publication and mailing described herein shall constitute due notice to all persons asserting claims arising out of or in any way relating to that which the Complaint herein seeks exoneration from, or limitation of, liability;

6. Service of this Order as a restraining order may be accomplished by mailing a copy of this executed Order to the persons to be restrained, or their attorneys acting on their behalf.

IT IS SO ORDERED.

DATED: 12/6/18

**WILLIAM Q. HAYES**
United States District Judge