UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of PROWLER, INC., as owner, of the 1964 Custom Sportfisher vessel Prowler, for Exoneration from or Limitation of Liability | Case No.: 3:18-cv-02594-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Exoneration from Liability filed by Plaintiff-in-Limitation PROWLER, INC. (ECF No. 76).

**PROCEDURAL BACKGROUND**

On or about October 26, 2018, at approximately 7:20 p.m., the vessel *PROWLER* collided with the 332-foot mega yacht *ATTESSA IV* approximately nine miles offshore of Imperial Beach, California. *See* ECF No. 1 at 2. As a result of the collision, one of the passengers aboard the *PROWLER* died, at least two other passengers claim to have suffered injuries, and many more claim loss of personal property. *See id.*

On November 13, 2018, as owner of the vessel *PROWLER*, Plaintiff-in-Limitation PROWLER, INC. ("Prowler") filed a Complaint in admiralty seeking limitation of liability for claims arising from the incident pursuant to the Limitation of Vessel Owner's Liability Act ("the Act"), 46 U.S.C. § 30501 *et seq.* (ECF No. 1). On the same day, Prowler filed

an Ex Parte Application for an Order Restraining All Suits and Directing Issuance of Notice and Publication, pursuant to the Act and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure. (ECF No 2).

On December 7, 2018, this Court issued Orders granting the Ex Parte Application for an Order Restraining All Suits and Directing Issuance of Notice and Publication filed by Prowler (ECF No. 2). (ECF Nos. 4, 5). The Court stated, in relevant part,

> This ruling is without prejudice to the due appraisal of Plaintiff-in-Limitation's interest in the Vessel and pending freight, and any claimant's demand the deposit or security be increased in accordance with Supplemental Admiralty Rule F(7). Pursuant to Rule F(7), any claimants who may 28 properly become a party hereto may contest the amount or value of Plaintiff-in-Limitation's interest in the subject vessel, and its pending freight, and may move the Court for due appraisal of said interest and may apply to have the amount of said stipulation increased or diminished as the case may be.

(ECF No. 5 at 2-3).

On or around December 20, 2018, Prowler mailed copies of the Complaint, Notice, and the Court's December 7, 2018 Order to the following persons known to have made a claim against Prowler, care of their respective counsel: John Schmit, Michael Mongold, Paul Morgan, Francisco Monzon, Ed Vogel, Justin Becker, Dan Fischer, Gustavo Delosantos, Jose Gonzalez, Hung Ngo, Kenneth Ngo, Richard Ted Okura, Juan Robles, Tracy Neff, Jake Neff, and Charles Howell. *See* Gourg. Decl. ¶ 3, ECF No. 55-2 at 2; Ex. A to Gourg. Decl., ECF No. 55-3. Copies of the Complaint, Notice, and the Court's December 7, 2018 Order were mailed by certified mail, return receipt, to the last known address of deceased PROWLER passenger Richard Neff. *See* Gourg. Decl. ¶ 3, ECF No. 55-2 at 2; Ex. A to Gourg. Decl., ECF No. 55-3. The Notice informed all known and potential claimants of the need to file all their claims, if any, against Prowler, by January 14, 2019, or be deemed in contumacy and default. *See* Gourg. Decl. ¶ 3, ECF No. 55-2 at 2; Ex. A to Gourg. Decl., ECF No. 55-3.

On or around December 20, 2018, Prowler mailed copies of the Complaint, Notice, and the Court's December 7, 2018 Order by certified mail, return receipt, to the following

persons with potential claims against Prowler: Arran Point Charters, Ltd and Dennis Washington, care of their counsel; and to unrepresented individuals Chad Bradford, Robert Chabreck, Jose Becerra, Jim Edwards, Tim Gamble, David Kalawaia, Michitaka Noda, Rafael Alejandro Perez, Richard Ricca, Sandro Viola, Joshua Aardema, and Nickolas Rocco. *See* Gourg. Decl. ¶ 4, ECF No. 55-2 at 3; Ex. A to Gourg. Decl., ECF No. 55-3; Ex. B to Gourg. Decl., ECF No. 55-4.

On December 17, 2018, December 24, 2018, January 7, 2019, January 19, 2019, January 26, 2019, February 2, 2019, and February 9, 2019, Prowler published the Notice in the *San Diego Union Tribune*. *See* Gourg. Decl. ¶ 9, ECF No. 55-2 at 4-5; Ex. D to Gourg. Decl., ECF No. 55-6.

On January 14, 2019, Claimant John Schmit filed a Claim and an Answer to Prowler's Complaint for Exoneration from or Limitation of Liability. (ECF No. 7). On the same day, Claimants Tracy Neff, Jake Neff, Michael Mongold, Paul Morgan, Francisco Monzon, Ed Vogel, Justin Becker, and Dan Fischer filed a Claim and an Answer to Prowler's Complaint for Exoneration from or Limitation of Liability. (ECF Nos. 8, 9). On the same day, Claimants Gustavo Delosantos, Jose Gonzalez, Hung Ngo, Kenneth Ngo, Richard Ted Okura, and Juan Robles filed a Claim and an Answer to Prowler's Complaint for Exoneration from or Limitation of Liability. (ECF No. 10).

On January 31, 2019, Claimant Charles Howell filed a Claim and an Answer to Prowler's Complaint for Exoneration from or Limitation of Liability. (ECF No. 16).

On February 4, 2019, Prowler filed an Answer to Claim of John Schmit (ECF No. 18); an Answer to Claim for Damages of Tracy Neff, Jake Neff, Michael Mongold, Paul Morgan, Francisco Monzon, Ed Vogel, Justin Becker, and Dan Fischer (ECF No. 19); an Answer to Claim for Damages of Gustavo Delosantos, Jose Gonzalez, Hung Ngo, Kenneth Ngo, Richard Ted Okura, and Juan Robles (ECF No. 20); and an Answer to Claim of Charles Howell (ECF No. 21).

On May 29, 2018, Claimants Justin Becker, Gustavo Delosantos, Dan Fischer, Jose Gonzalez, Charles Howell, Michael Mongold, Francisco Monzon, Paul Morgan, Jake Neff,

Tracy Neff, Hung Ngo, Kenneth Ngo, Richard Ted Okura, Juan Robles, John Schmit, and Ed Vogel filed a Joint Motion to (1) lift the December 7, 2018 Order Restraining All Suits and Directing Monition; (2) allow the District Court to retain jurisdiction to determine limitation of liability issues; and (3) stay the instant Limitation of Liability action. (ECF No. 34). On the same day, Claimants Justin Becker, Gustavo Delosantos, Dan Fischer, Jose Gonzalez, Charles Howell, Michael Mongold, Francisco Monzon, Paul Morgan, Jake Neff, Tracy Neff, Hung Ngo, Kenneth Ngo, Richard Ted Okura, Juan Robles, John Schmit, and Ed Vogel filed a Joint Motion stipulating

1. That the Plaintiff-In-Limitation, PROWLER, INC., has the right to litigate the issue of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act, 46 U.S.C. § 181 et seq., in this Federal Court, and this Court has exclusive jurisdiction to determine that issue.
2. That Plaintiff-In-Limitation, PROWLER, INC., has the right to have this Court determine the value of the M/V Prowler immediately following the incident at issue, and this Court has exclusive jurisdiction to determine that issue.
3. That the Respondent/Claimants will not seek a determination of the issues set forth in paragraphs (1) and (2) above in any state court, and consent to waive any res judicata effect the decisions, rulings or judgments of any state court might have on those issues.
4. That the Respondent/Claimants will not seek to enforce any judgment rendered in any state court, whether against Plaintiff-In-Limitation, PROWLER, INC., or another person or entity that would be entitled to seek indemnity or contribution from the Plaintiff-In-Limitation, by way of cross-claim or otherwise, that would expose the Plaintiff-In-Limitation, to liability in excess of $10,000.00, until such time as this Court has adjudicated the Plaintiff-In-Limitation's right to limit its liability.
5. That, in the event this Court determines that Plaintiff-In-Limitation, PROWLER, INC., is entitled to limit its liability, the Respondent/Claimants agree that any claim based upon fees and/or costs awarded against Plaintiff-In-Limitation, and in favor of any party in any state court proceeding will have first priority against the available fund.
6. That, in the event this Court determines that the Plaintiff-In-Limitation, PROWLER, INC., is entitled to limit its liability, the Respondents/Claimants agree that, following payment of the claims, if any, described in paragraph 5 above, claims for expert witness fees and

      other litigation costs incurred be paid pro rata until the remaining fund is exhausted.

(ECF No. 35 at 4-5).

On or around May 28, 2019, Prowler contacted unrepresented former *PROWLER* crew member Cameron Gamble, who did not receive the correspondence sent to the other potential claimants due to an inadvertent error in the mailing process. *See* Gourg. Decl. ¶ 6, ECF No. 48-2 at 4. Gamble advised he was informed of the instant action and indicated he did not wish to file a claim against Prowler. *See id.*

On July 17, 2019, Prowler filed an Amended Request for Clerk's Entry of Default Judgment Against Non-Appearing Claimants: Arran Point Charters, Ltd; Dennis Washington; Chad Bradford; Jose Becerra; Robert Chabreck; Jim Edwards; Tim Gamble; Cameron Gamble; David Kalawaia; Michitaka Noda; Rafael Alejandro Perez; Richard Ricca; Sandro Viola; Joshua Aardema; Nickolas Rocco; and all other possible claimants, known and unknown, who have not filed and served their claims or answers against Prowler. (ECF No. 46).

On July 18, 2019, the Clerk of the Court issued an Entry of Default of each of the following Claimants:

    a. Arran Point Charters, Ltd, Dennis Washington, Chad Bradford, Robert Chabreck, Jose Becerra, Jim Edwards, Tim Gamble, Cameron Gamble, David Kalawaia, Michitaka Noda, Rafael Alejandro Perez, Richard Ricca, Sandro Viola, Joshua Aardema and Nickolas Rocco; and
    b. Against all other possible claimants, known and unknown, who have not filed and served their claims or answers against Plaintiff-in-Limitation PROWLER, INC., as owner of the vessel PROWLER.

(ECF No. 47 at 1). The Clerk of the Court concluded that

    It appears from the record in the above entitled action that Notice to Claimants of Filing Limitation Proceeding issued by this Court on the Original Complaint Filed on 11/13/2019 has been regularly served upon each of the Claimants hereinafter named; and it appears from the affidavit of counsel for Plaintiff and the records herein that each of the Claimants have failed to plead

|   |   |
|---|---|
| 1 | or otherwise defend in said action as required by said Summons and provided |
| 2 | by the Federal Rules of Civil Procedure. |

*Id*.

On July 29, 2019, Prowler filed a Motion for Default Judgment Against All Non-Appearing Claimants. (ECF No. 48). On September 30, 2019, the Court denied the Motion for Default Judgment Against All Non-Appearing Claimants filed by Prowler (ECF No. 48) because "Prowler ha[d] not demonstrated its compliance with this Court's Orders Directing Monition to Issue and Publication of Notice (No. 5)." (ECF No. 54 at 6). The Court found that "Prowler ha[d] not provided evidence that it mailed 'a copy of the Complaint and [the Court's Order Directing Monition to Issue and Publication of Notice]' to every person and entity known to have asserted a claim." *Id*. (alteration in original) (quoting ECF No. 5).

On October 23, 2019, Prowler filed a Motion for Default Judgment Against All Non-Appearing Claimants. (ECF No. 55). On November 4, 2019, the Court issued an Order granting the Motion for Default Judgment Against All Non-Appearing Claimants filed by Prowler (ECF No. 55). (ECF No. 60).

On December 18, 2019, Claimants Justin Becker, Gustavo Delosantos, Dan Fischer, Jose Gonzalez, Charles Howell, Michael Mongold, Francisco Monzon, Paul Morgan, Jake Neff, Tracy Neff, Hung Ngo, Kenneth Ngo, Richard Ted Okura, Juan Robles, John Schmit, and Ed Vogel filed a Motion to Withdraw Claimaints' Joint Motion to (1) lift the December 7, 2018 Order Restraining All Suits and Directing Monition; (2) allow the District Court to retain jurisdiction to determine limitation of liability issues; and (3) stay the instant Limitation of Liability action (ECF No. 34). (ECF No. 67).

On December 19, 2019, the Court denied the Motion to Lift the Stay of State Court Action filed by Claimants (ECF No. 34) and denied as moot the Joint Stipulation filed by Claimants (ECF No. 35). (ECF No. 68).

On January 7, 2020, the Court denied as moot the Motion to Withdraw Claimaints' Joint Motion filed by Claimants (ECF No. 67). (ECF No. 69).

On June 26, 2020, Prowler and Claimants Justin Becker, Gustavo Delosantos, Dan Fischer, Jose Gonzalez, Charles Howell, Michael Mongold, Francisco Monzon, Paul Morgan, Jake Neff, Tracy Neff, Hung Ngo, Kenneth Ngo, Richard Ted Okura, Juan Robles, John Schmit, and Ed Vogel filed a Joint Motion to Dismiss Claimants' Claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(a)(ii). (ECF No. 74).

On June 29, 2020, Prowler filed a Motion for Exoneration from Liability. (ECF No. 76). The record reflects that no opposition to Prowler's Motion for Exoneration from Liability (ECF No. 76) has been filed.

**RULING OF THE COURT**

The Court finds that sixteen (16) claims were made in response to Prowler's Complaint for Exoneration from or Limitation of Liability within the time period set forth by the Court. The Court finds that all claims have been fully resolved and have been dismissed with prejudice pursuant to the Joint Motion to Dismiss Claimants' Claims (ECF No. 74). There are no remaining legally cognizable claims contesting Prowler's right to exoneration from liability. The Court finds that Prowler is entitled to judgment as a matter of law. The Court further finds that any further claims against Prowler are neither permissible nor necessary.

IT IS HEREBY ORDERED that the Motion for Exoneration from Liability (ECF No. 76) is GRANTED. The Clerk of the Court shall enter this Order exonerating Prowler from any and all claims, losses, and/or injuries that occurred as a result of the incident that formed the basis of this action, and shall enter judgment in Prowler's favor accordingly.

Prowler shall submit a Proposed Judgment.

Dated: August 13, 2020

Hon. William Q. Hayes
United States District Court